UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Dasha Dalya Ronika Jennings, ) | C/A No. 6:25-cv-8521-JDA-WSB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Greenville County Library System, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, proceeding *pro se*, brings this civil action against the above-named Defendant. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the District Court. For the reasons below, the undersigned concludes that this action is subject to summary dismissal.

### BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint against the above-named Defendant on the standard form on July 25, 2025. ECF No. 1. However, Plaintiff previously filed an action against this same Defendant at case number 25-6891, which included claims against several Defendants including the Greenville County Library System, Greenville County Police Department, United Housing Connections, S.C. Works Greenville Center, Greenville County, and the United States of America. *See Jennings v. Greenville County Library System, Et. Al*, C/A No. 6:25-cv-6891-JDA-WSB (D.S.C.) ("*Jennings I*"), ECF No. 1. By Order dated July 10, 2025, the Court notified Plaintiff that, upon screening in accordance with 28 U.S.C. § 1915, the Complaint

1

filed in *Jennings I* was subject to summary dismissal for the reasons identified by the Court in its Order. *Jennings I*, ECF No. 7. The Court noted, however, that Plaintiff might be able to cure the deficiencies of her Complaint and granted Plaintiff twenty-one days to file an amended complaint. *Id.* at 20. Plaintiff was notified that "an amended complaint replaces all prior complaints and should be complete in itself." *Id.* Further, Plaintiff was specifically warned:

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 without further leave to amend.

*Id.* at 20–21 (emphasis omitted). Plaintiff filed an Amended Complaint in *Jennings I*, which was entered on the docket on July 23, 2025. *Jennings I*, ECF No. 10. Notably, in the *Jennings I* Amended Complaint, Plaintiff named only the Greenville County Police Department. *Id.* However, Plaintiff also filed separate actions against the other Defendants named in the original Complaint, including the present action against the Greenville County Library System. *See* case numbers 6:25-cv-8517, 6:25-cv-8521, 6:25-cv-8525, and 6:25-cv-8530.

**Allegations from the Complaint**

Plaintiff's Complaint filed in this matter makes similar allegations against Defendant to those in the original Complaint filed in *Jennings I*. ECF No. 1. Plaintiff asserts she brings claims under Title VI of the Civil Rights Act of 1964, violations of 4th Amendment, and civil rights violations under 42 U.S.C. § 1983. *Id.* at 3. Plaintiff alleges:

> Defendants deprived me by force, harass, threats, humiliation, and fraud. Librarians refused to solve dispute. Instead, librarians chose to discriminate based on national origin, impeding that I arrange my thoughts or go to prison or put on no trespass when they were grudging causing overwhelming pain and suffering for no probable reason.

*Id.* at 5.  For her relief, Plaintiff seeks $300,000 for "pain and emotional suffering."  *Id.*

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove her case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## DISCUSSION

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint filed in this case is subject to dismissal for the reasons below.

**Defendant Entitled to Dismissal**

The only Defendant named in this action—identified as "Greenville County Library System, Hughes Main Library"—is subject to dismissal.[1] It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a

---

[1] The caption of the Complaint identifies "Greenville County Library System, Hughes Main Library." ECF No. 1 at 1. Plaintiff also makes reference to a "woman of color" and "man of light color," but she does not identify those individuals or allege any facts against them.

"person." *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001). Inanimate objects such as buildings, facilities, and grounds do not qualify as "persons" and cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (noting the detention center was a building that was not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Similarly, the staff of an organization is not considered a person subject to suit under 42 U.S.C. § 1983, and groups of people may not be sued under § 1983. *See Dalton v. SCDC*, C/A No. 8:09-cv-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons).

The Greenville County Library System is not a person subject to suit as it is a building. *See Walker v. United States Fed. Gov't, House of Raeford Farm, Inc.*, No. 6:22-cv-02946-HMH-KFM, 2022 WL 12075775, at *5 (D.S.C. Sept. 21, 2022) (noting the Greenville Library System was not a person subject to suit under § 1983), *R&R adopted by* 2023 WL 1481035 (D.S.C. Feb. 2, 2023), *aff'd*, No. 23-1143, 2023 WL 5526596 (4th Cir. Aug. 28, 2023). Further, courts have noted that a "Library Board is not subject to suit," absent allegations of a *Monell* claim, which Plaintiff has not alleged. *Grant-Davis v. Bd. of Trs. of Charleston Cnty. Pub. Libr.*, C/A No. 2:15-cv-2676-PMD-MGB, 2017 WL 9360875, at *8 (D.S.C. May 24, 2017), *R&R adopted by* 2017 WL 3634070 (D.S.C. Aug. 24, 2017), *aff'd*, 710 F. App'x 134 (4th Cir. 2018).

**Failure to State a Claim**

The allegations in the Complaint fail to state a claim for relief that is plausible. To state a claim upon which relief can be granted, Plaintiff must do more than make mere conclusory statements. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. The Complaint must contain

5

sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The Court need only accept as true the Complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff's allegations in the present pleading fail to satisfy this standard.

Plaintiff's allegations are vague and conclusory and, as explained above, the Complaint fails to identify a proper Defendant responsible for the alleged violations of Plaintiff's rights. Plaintiff's conclusory assertions fail to satisfy the applicable pleading requirements. *See, e.g., Wright v. Cnty. of York, S.C.*, C/A No. 0:22-cv-3407-CMC-PJG, 2022 WL 18635123, at *2 (D.S.C. Dec. 9, 2022) ("Plaintiff provides no facts that would explain who injured him or how, such as why his arrest was unlawful or how his detention has violated his rights. He provides no facts about the defendants, and his purported requests for relief are conclusory and unclear."); *Montgomery v. United States*, C/A No. 5:14-CT-3279-H, 2016 WL 7647572, at *2 (E.D.N.C. Mar. 7, 2016) ("[Plaintiff does not conspicuously allege important details showing who caused the harm, or when and where it occurred. The allegations contained in plaintiff's complaint . . . were too speculative, generalized, and conclusory to show a basis in fact and are, therefore, meritless."), *aff'd*, 654 F. App'x 635 (4th Cir. 2016). The Complaint must therefore be dismissed for failure to state a claim upon which relief can be granted. *See VanDerHorst v. South Carolina*, C/A No. 2:20-cv-2501-RMG-PJG, 2020 WL 4572739, at *2 (D.S.C. Aug. 7, 2020); Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Iqbal*, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support). The precise nature of Plaintiff's causes

of action are not entirely clear. Regardless of how the claims are construed, the allegations fail to establish that Plaintiff is entitled to relief.

Liberally construing the pleadings filed in this case, the Court is unable to make out any plausible cause of action. The cursory allegations in the Complaint lack factual allegations to state a claim for relief. Plaintiff must allege more than mere conclusory assertions to state a plausible claim. *See Griffith v. State Farm Fire and Cas. Co.*, No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)). Thus, this action is subject to dismissal because Plaintiff has failed to state a claim for relief.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the district court **DISMISS** this action pursuant to 28 U.S.C. § 1915 without leave to amend[2] and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>
United States Magistrate Judge

August 5, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] As Plaintiff was afforded an opportunity to file an Amended Complaint in *Jennings I* related to the claims asserted against the Defendant named in the present case, but failed to correct her pleading deficiencies, the undersigned recommends that this action be dismissed without leave to amend.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).